**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER A. STEPHENS, et al.,<br>Plaintiffs,<br>v.<br>COUNTY OF SHASTA, et al.,<br>Defendants. | No. 2:26-cv-03701-DC-ICD<br><br>ORDER |

Plaintiffs Christopher A. Stephens and Amber Spicer, proceeding *pro se*, have filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and submitted respective motions for leave to proceed *in forma pauperis* (ECF Nos. 2 and 3).

**I. MOTIONS TO PROCEED IN FORMA PAUPERIS**

Plaintiffs have submitted affidavits mandated by 28 U.S.C. § 1915(a)(1) demonstrating an inability to prepay fees and costs or give security therefor. *See Rowland v. California Men's Colony, Advisory Comm.*, 506 U.S. 194, 198 (1993); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners" and confirming that the requirement to show financial hardship applies broadly). Accordingly, Plaintiffs' motions to proceed *in forma pauperis* are granted.

**II. SCREENING REQUIREMENT AND STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must screen complaints brought by individuals proceeding *in forma pauperis*. The Court must dismiss the case at any time if it determines that the allegation of poverty is untrue, or that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*

The standard for determining whether a complaint fails to state a claim under §

1915(e)(2)(B)(ii) is the same as the standard under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). To survive screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While the Court must accept well-pleaded factual allegations as true, it is not required to accept legal conclusions couched as factual assertions. *Id.* The provisions of 28 U.S.C. § 1915(e)(2)(B) apply to both prisoner and non-prisoner *in forma pauperis* complaints alike. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

## III. DISCUSSION

### A. *Monell* Municipal Liability Claims

Plaintiffs sufficiently allege colorable municipal liability claims under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) against both the County of Shasta and the Anderson Union High School District. Specifically, as set forth in the Fifth Claim for Relief (ECF No. 1, p. 24) and supporting operational sections (ECF No. 1, pp. 2, 3, 20, 21), Plaintiffs allege that their constitutional injuries were directly driven by unconstitutional official policies, pervasive administrative customs, or a deliberately indifferent failure to train and supervise personnel.

Against the County of Shasta, Plaintiffs target child-welfare customs that allegedly permit social workers to bypass legal dependency procedures, disrupt intact parental authority, and perpetuate unverified abuse narratives within official databases (ECF No. 1, pp. 2, 21, 24). Against the Anderson Union High School District, Plaintiffs challenge operational protocols within student information systems that allegedly allow school staff to override parental and educational rights—by implementing parental "flags," changing contact data, and applying "homeless" designations—without verifying a valid state court order or lawful transfer of custody (ECF No. 1, pp. 3, 20, 21). Accepting these well-pleaded factual allegations as true for the limited purpose of this initial screening, the *Monell* claims are plausible on their face under *Iqbal* and are

cleared to proceed.

**B. Individual Liability Claims**

Accepting the well-pleaded factual allegations as true for the limited purpose of this initial screening, the complaint asserts colorable constitutional claims and sets forth plausible theories of individual liability under 42 U.S.C. § 1983 against the named defendants in their individual capacities.

1. **Fourteenth Amendment Familial Association and Treatment Interference (First & Second Claims):** Plaintiffs sufficiently allege that individual child-welfare and educational personnel acted outside lawful process to systematically displace their intact parental authority (ECF No. 1, pp. 1, 20). Defendant Jacey Brown (Social Worker) is plausibly alleged to have personally orchestrated unauthorized school-based interventions, facilitated direct contact with the minor, and actively intervened to block Plaintiffs' private, clinically recommended transport team (ECF No. 1, pp. 2, 5, 20). Defendants Katie Siino (School Psychologist), Niki Simonsen (Assistant Principal), and Justin Byxbe (West Valley Administrator) are plausibly alleged to have personally executed the administrative restrictions at the school level (ECF No. 1, pp. 3, 5, 6, 20). The complaint cites specific records showing they applied parental "flags," altered core Aeries/SEIS contact data, and designated the minor as "homeless/unaccompanied" to strip Plaintiffs of practical operational control despite explicitly documenting that Plaintiffs still legally held intact educational rights (ECF No. 1, pp. 1, 5, 6, 20).
2. **Judicial Deception and Evidence Fabrication (Third Claim):** Plaintiffs assert a colorable due process claim against Defendant Jacey Brown for the deliberate creation or knowing perpetuation of material falsehoods during an investigation (ECF No. 1, pp. 21, 23). The complaint identifies specific, testable factual discrepancies, alleging that Defendant Brown fabricated, exaggerated, or intentionally amplified physical abuse narratives—specifically incorporating unsubstantiated choking and physical contact allegations—within official administrative notes, case files, and court submissions, directly contradicting subsequent sworn testimony and official Child Family Services

(CFS) disposition findings (ECF No. 1, pp. 1, 3, 4, 14, 15, 21).

3. **<u>Civil Rights Conspiracy (Fourth Claim):</u>** Plaintiffs sufficiently plead a coordinated "meeting of the minds" to violate their civil rights among Defendants Jacey Brown, Katie Siino, and Niki Simonsen (ECF No. 1, p. 24). The complaint relies on a specific chronological sequence of communications between November and December 2024 as circumstantial evidence of an unconstitutional agreement to bypass parental authority, evade Plaintiffs' treatment plan, and facilitate an unauthorized, alternate third-party caregiver framework (ECF No. 1, pp. 5, 6, 24).

4. **<u>Supervisory and Managerial Liability (First, Second, Third, and Fifth Claims):</u>** Plaintiffs set forth colorable individual liability claims against child-welfare supervisors Christian Cumpston, Michelle Lick, and Crystal Adams (ECF No. 1, pp. 2, 3, 21, 24). Plaintiffs allege that these supervisors had direct access to CWS/CMS entries, medical evaluations reflecting no signs of abuse, and explicit parental complaints, yet knowingly approved, ratified, or failed to correct the material contradictions, record inaccuracies, and unconstitutional practices of the caseworkers under their direct management (ECF No. 1, pp. 2, 3, 17, 21, 24).

Plaintiffs complaint asserts a jurisdictional basis, contains a statement of their claims, and a request for relief. The Court finds, for screening purposes only, that Plaintiffs' claims are sufficiently cognizable and directs service.

## IV. CONCLUSION AND ORDER

IT IS HEREBY ORDERED that:

1. Plaintiffs' motions for leave to proceed *in forma pauperis* (ECF Nos. 2 and 3) are GRANTED.
2. Plaintiffs' complaint satisfies the initial statutory screening threshold under 28 U.S.C. § 1915(e)(2). Service of the Complaint (ECF No. 1) is appropriate for the following named defendants: County of Shasta; Shasta County Health and Human Services Agency; Jacey Brown; Christian Cumpston; Michelle Lick; Crystal Adams; Anderson Union High School District; Justin Byxbe; Katie Siino; and Niki Simonsen.

3. The Clerk of the Court is directed to issue summonses forthwith. The United States Marshal is directed to serve all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs, within ninety (90) days of receiving the completed service packets;
4. The Clerk of the Court shall send Plaintiffs: nine (9) USM-285 forms, nine (9) summonses, an instruction sheet, ten (10) copies of the endorsed filed Complaint (ECF No. 1), and nine (9) copies of an appropriate form for consent to trial by a magistrate judge.
5. Plaintiffs are directed to supply the U.S. Marshal, within **fifteen (15) days** from the date this order is filed, all information needed by the Marshal to effect service of process and shall promptly file a statement with the Court confirming that said documents have been submitted. To effect service, the Court anticipates that the U.S. Marshal will require for each Defendant listed in paragraph 2, above, at least:
   a. One completed summons;
   b. One completed USM-285 form;
   c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal;
   d. One copy of the instant order; and
   e. An appropriate form for consent to trial by a magistrate judge.
6. The United States Marshal is directed to effect service within ninety (90) days of receiving the completed service packets from the Court. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on the Defendants within 90 days, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

///

///

///

7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

8. Plaintiffs are cautioned that failure to timely comply with this order, or failure to comply with any valid law, federal rule, or court order, will constitute grounds for the imposition of sanctions, including dismissal of this action, pursuant to Eastern District of California Local Rule 110.

Dated: November 6, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE